UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.: 3:23-cv-819

| | |
|---|---|
| JANE DOE, BY AND THROUGH HER PARENTS JANE ROE AND JOHN ROE,<br><br>  Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES GROUP, INC. and DOES 1-10,<br><br>  Defendants. | **PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EARLY DISCOVERY** |

Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure and Local Rule 16.1(f), Plaintiff Jane Doe, by and through her parents Jane and John Roe (hereinafter "Plaintiff"), hereby moves the Court for leave to take early discovery from Defendant American Airlines Group, Inc. (hereinafter "American Airlines"). In support of this Motion, Plaintiff respectfully shows the Court as follows:

1. Plaintiff filed her Complaint in this litigation on December 1, 2023, (Doc. 1), asserting claims stemming from a currently-unidentified male American Airlines flight attendant surreptitious filming Plaintiff (a fourteen-year-old-girl) while she used an airplane toilet during a flight originating from Charlotte, North Carolina. That flight attendant is defined in Plaintiff's Complaint as "Doe 1." (Doc. ¶¶ 1, 8).

2. Through this Motion, Plaintiff seeks leave of Court to conduct limited early discovery regarding the identity of Doe 1 and the other American Airlines' employees who were on the subject flight. Plaintiff believes that such early discovery is appropriate in light of Rule

1

4(m)'s deadline to serve the Doe Defendants and to otherwise advance the important issues in this case.

3. The Court issued Summonses to American Airlines and Does 1-10 on December 6, 2023. (Docs. 2 & 2.1).

4. On December 7, 2023, American Airlines, through counsel, filed a Waiver of the Service of Summons, thereby establishing January 30, 2024, as American Airlines' deadline to file and serve a responsive pleading. (Doc. 3).

5. Plaintiff does not currently know the identity of Does 1-10, and thus has not yet served those individuals. Rule 4(m) of the Federal Rules of Civil Procedure, however, requires that all defendants be served within 90 days after a complaint is filed. In this case, 90 days after Plaintiff filed her Complaint is February 29, 2024.

6. Absent leave of Court or American Airlines' consent, Plaintiff is not entitled to serve Court-enforceable discovery requests until after joinder of the issues and the Court's issuance of the Scheduling Order, except as related to early Rule 34 requests. See, e.g., LCvR 16.1(f); LCvR 26.1; Fed. R. Civ. P. 26(d).

7. Based on the various deadlines espoused in LCvR 16.1, the parties' Rule 26(f) conference may occur as late as February 13, 2024, and the Scheduling Order may not issue until after February 20, 2024. Thus, even if Plaintiff served interrogatories seeking the identity of Doe 1 and the other American Airlines' employees as soon as permissible under the Rules, Plaintiff will not have sufficient time to receive answers, amend her Complaint to identify the Doe Defendants, and serve such Doe Defendants consistent with Rule 4(m).

8. American Airlines will presumably identify Doe 1 and the other American Airlines' employees on the pertinent flight in its Rule 26 Initial Disclosures. However, American Airlines

is not obligated to make such disclosures until 14 days after the parties' Rule 26(f) conference, which could be as late as February 27, 2024. See Fed. R. Civ. P. 26(a)(1)(C).

9. A copy of Plaintiff's First Set of Interrogatories and First Request for Production to Defendant American Airlines Group, Inc., which Plaintiff will serve early should the Court grant this Motion, is attached hereto as Exhibit A.

10. Should the Court deem it appropriate, Plaintiff also requests that the Court shorten the 30-day deadline otherwise applicable for American Airlines to respond to Plaintiff's Interrogatories and Request for Production.

11. In the alternative to the relief requested herein, Plaintiff requests that the Court extend the service deadline espoused in Rule 4(m).

12. Pursuant to LCvR 7.1(b) and LCvR 16.1(f), prior to filing this Motion, Plaintiff's counsel attempted in good faith to confer with American Airlines' counsel to determine whether American Airlines consents to engaging in early discovery. Specifically, Plaintiff's counsel delivered an email to American Airlines' counsel to that effect on January 2, 2024, and followed up again on January 11, 2024. American Airlines' counsel has yet to provide a substantive response thereto.

13. Pursuant to LCvR 16.1(f), Plaintiff does not submit a supporting memorandum herewith.

WHEREFORE, Plaintiff respectfully prays the Court for the following relief:

1. That the Court grant Plaintiff leave to serve early Court-enforceable discovery requests in the form attached hereto as Exhibit A;

2. That the Court shorten American Airlines' response deadline as appropriate;

3. Alternatively, that the Court extend the 90-day deadline espoused in Rule 4(m); and

4. For all other relief, both legal and equitable, which the Court deems proper and just.

This the 16th day of January, 2024.

| | |
|---|---|
| **LEWIS & LLEWELLYN LLP** | **JAMES, McELROY & DIEHL, P.A.** |
|   s/ Paul T. Llewellyn |   s/ John R. Buric |
| Paul T. Llewellyn, CA State Bar No. 216887 | John R. Buric, N.C. State Bar No. 22688 |
| *Admitted Pro Hac Vice* | John R. Brickley, N.C. State Bar No. 41126 |
| Erin H. Reding, CA State Bar No. 252691 | 525 N. Tryon Street, Suite 700 |
| *Admitted Pro Hac Vice* | Charlotte, North Carolina 28202 |
| 601 Montgomery Street, Suite 2000 | Telephone: (704) 372-9870 |
| San Francisco, California 94111 | Facsimile: (704) 333-5508 |
| Telephone: (415) 800-0590 | Email: jburic@jmdlaw.com |
| Facsimile: (415) 390-2127 | jbrickley@jmdlaw.com |
| Email: pllewellyn@lewisllewellyn.com | *Counsel for Plaintiff Jane Doe* |
| ereding@lewisllewellyn.com | |
| *Counsel for Plaintiff Jane Doe* | |

# CERTIFICATE OF SERVICE

The undersigned certifies that this **PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EARLY DISCOVERY** has this date been electronically filed with the Clerk of Court of the United States District Court of the Western District of North Carolina using such Court's CM/ECF system, which will transmit notification of such filing, constituting service thereof, to Defendant American Airlines Group, Inc.'s counsel of record as follows:

Kathryn Anne Grace – Kathryn.Grace@wilsonelser.com

Kayla Joanne Jones – kayla.jones@wilsonelser.com

Patrick J. Kearns – partick.kearns@wilsonelser.com

Chandler M. Teraoka – chandler.teraoka@wilsonelser.com

This the 16th day of January, 2024.

| | |
|---|---|
| **LEWIS & LLEWELLYN LLP** | **JAMES, McELROY & DIEHL, P.A.** |
| s/ Paul T. Llewellyn | s/ John R. Buric |
| Paul T. Llewellyn, CA State Bar No. 216887 | John R. Buric, N.C. State Bar No. 22688 |
| *Admitted Pro Hac Vice* | John R. Brickley, N.C. State Bar No. 41126 |
| Erin H. Reding, CA State Bar No. 252691 | 525 N. Tryon Street, Suite 700 |
| *Admitted Pro Hac Vice* | Charlotte, North Carolina 28202 |
| 601 Montgomery Street, Suite 2000 | Telephone: (704) 372-9870 |
| San Francisco, California 94111 | Facsimile: (704) 333-5508 |
| Telephone: (415) 800-0590 | Email: jburic@jmdlaw.com |
| Facsimile: (415) 390-2127 | jbrickley@jmdlaw.com |
| Email: pllewellyn@lewisllewellyn.com | *Counsel for Plaintiff Jane Doe* |
| ereding@lewisllewellyn.com | |
| *Counsel for Plaintiff Jane Doe* | |