UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.: 3:23-cv-819

| | |
|---|---|
| JANE DOE, BY AND THROUGH HER PARENTS JANE ROE AND JOHN ROE,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES GROUP, INC. and DOES 1-10,<br><br>Defendants. | **REPLY TO DEFENDANT AMERICAN AIRLINES GROUP, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EARLY DISCOVERY** |

Plaintiff Jane Doe, by and through her parents Jane and John Roe (hereinafter "Plaintiff"), respectfully submits this Reply to Defendant American Airlines Group, Inc.'s (hereinafter "American Airlines") Response to Plaintiff's Motion for Leave to Conduct Early Discovery, [Doc. 16].

1. Through Plaintiff's Motion for Leave to Conduct Early Discovery (the "Motion"), she seeks to serve Court-enforceable discovery seeking: (1) the identities and related information about the various American Airlines' employees working on the subject Flight[1]; and (2) a complete copy of Doe 1's personnel file. [Doc. 14; Doc. 14.1, pp.2-3].

2. As referenced in American Airlines' Response, [Doc. 16, p.1(¶2)], after Plaintiff filed her Motion, counsel for American Airlines offered to provide the pertinent employees' names. American Airlines has yet to provide such information, and has not indicated whether it would likewise voluntarily provide the other information requested in Plaintiff's intended

---

[1] Unless otherwise stated, all capitalized terms herein shall have the meaning ascribed to them in Plaintiff's Motion and Complaint. Doc. Nos. 1 & 14).

1

Interrogatories, including each employee's residence address, email address, telephone number, date of birth, and position with American Airlines.

3. American Airlines did not agree to provide Doe 1's personnel file. Instead, American Airlines' counsel indicated it needed an opportunity to determine whether any objections to such request were warranted.

4. American Airlines contends that Plaintiff's Motion is mooted based on American Airlines' (unfulfilled) offer to provide the employees' names. [Doc. 16, p.1(¶3); see also Doc. 16, p.2 (American Airlines' prayer for relief, seeking a ruling that Plaintiff's sought information "has been provided, and therefore Plaintiff's Motion is Moot.").

5. Plaintiff's Motion is not moot.

6. First, American Airlines has not provided the requested employee information, nor has it confirmed that all requested employee information will be provided. Should American Airlines provide such information, the first part of Plaintiff's Motion would be mooted, but that has not occurred.

7. Second, American Airlines opposes Plaintiff's request for Doe 1's personnel file. American Airlines could moot Plaintiff's Motion in this regard by providing the file. Alternatively, American Airlines could moot the Motion by simply consenting to Plaintiff serving Court-enforceable discovery now, as opposed to waiting until after joinder of the issues and the Scheduling Order's issuance. See, e.g., LCvR 16.1(f); LCvR 26.1; Fed. R. Civ. P. 26(d). Indeed, Plaintiff's Motion does not seek an order requiring American Airlines to immediately produce the personnel file; it seeks leave of Court to serve a document request. American Airlines could assert any appropriate objection (to the extent there are any, which is denied) when it responds to such document request pursuant to Rule 34.

2

Case 3:23-cv-00819-FDW-DCK    Document 18    Filed 02/06/24    Page 2 of 5

8. As stated in Plaintiff's Motion, she needs the requested information to both amend her Complaint and to otherwise advance the significant issues in this case. [Doc. 14, pp.1-2(¶2)].

9. American Airlines contends that the employees' names are all Plaintiff needs to amend her Complaint, [Doc. 16, p.1(¶3)], but that is not so. Doe 1's personnel file will contain information about, at least, his training, supervision, potentially other incidents and/or complaints, American Airlines' handling of this incident, his recent arrest by the Federal Bureau of Investigation, and the like. All of that information is pertinent to Plaintiff's existing claims, and Plaintiff will likely want to include such information in her Amended Complaint, along with the identity of Doe 1 and any other appropriate individuals. It would serve judicial economy if Plaintiff can make all such amendments at once.

10. Accordingly, good cause exists to grant Plaintiff's requested relief. Parker v. Case Farms, LLC, 2020 U.S. Dist. LEXIS 261976, *3 (W.D.N.C. Feb. 25, 2020) (Reidinger, J.) ("Generally speaking, the Court may authorize expedited discovery upon a showing of good cause.").

For these reasons and those stated in Plaintiff's Motion, Plaintiff respectfully requests that the Court grant her leave to serve early Court-enforceable discovery requests in the form attached to her Motion as Exhibit A; that the Court shorten American Airlines' response deadline as appropriate; in the alternative, that the Court extend Rule 4(m)'s 90-day deadline; and for all other relief, both legal and equitable, which the Court deems proper and just.

[Signature on following page]

This the 6th day of February, 2024.

| **LEWIS & LLEWELLYN LLP** | **JAMES, McELROY & DIEHL, P.A.** |
|---|---|
| s/ Paul T. Llewellyn | s/ John R. Buric |

Paul T. Llewellyn, CA State Bar No. 216887
*Admitted Pro Hac Vice*
Erin H. Reding, CA State Bar No. 252691
*Admitted Pro Hac Vice*
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 800-0590
Facsimile: (415) 390-2127
Email: pllewellyn@lewisllewellyn.com
ereding@lewisllewellyn.com
*Counsel for Plaintiff Jane Doe*

John R. Buric, N.C. State Bar No. 22688
John R. Brickley, N.C. State Bar No. 41126
525 N. Tryon Street, Suite 700
Charlotte, North Carolina 28202
Telephone: (704) 372-9870
Facsimile: (704) 333-5508
Email: jburic@jmdlaw.com
jbrickley@jmdlaw.com
*Counsel for Plaintiff Jane Doe*

## CERTIFICATE OF SERVICE

The undersigned certifies that this **REPLY TO DEFENDANT AMERICAN AIRLINES GROUP, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EARLY DISCOVERY** has this date been electronically filed with the Clerk of Court of the United States District Court of the Western District of North Carolina using such Court's CM/ECF system, which will transmit notification of such filing, constituting service thereof, to Defendant American Airlines Group, Inc.'s counsel of record as follows:

Kathryn Anne Grace – Kathryn.Grace@wilsonelser.com

Kayla Joanne Jones – kayla.jones@wilsonelser.com

Patrick J. Kearns – partick.kearns@wilsonelser.com

Chandler M. Teraoka – chandler.teraoka@wilsonelser.com

This the 6th day of February, 2024.

| LEWIS & LLEWELLYN LLP | JAMES, McELROY & DIEHL, P.A. |
|---|---|
| s/ Paul T. Llewellyn<br>Paul T. Llewellyn, CA State Bar No. 216887<br>*Admitted Pro Hac Vice*<br>Erin H. Reding, CA State Bar No. 252691<br>*Admitted Pro Hac Vice*<br>601 Montgomery Street, Suite 2000<br>San Francisco, California 94111<br>Telephone: (415) 800-0590<br>Facsimile: (415) 390-2127<br>Email: pllewellyn@lewisllewellyn.com<br>ereding@lewisllewellyn.com<br>*Counsel for Plaintiff Jane Doe* | s/ John R. Buric<br>John R. Buric, N.C. State Bar No. 22688<br>John R. Brickley, N.C. State Bar No. 41126<br>525 N. Tryon Street, Suite 700<br>Charlotte, North Carolina 28202<br>Telephone: (704) 372-9870<br>Facsimile: (704) 333-5508<br>Email: jburic@jmdlaw.com<br>jbrickley@jmdlaw.com<br>*Counsel for Plaintiff Jane Doe* |