IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-819-FDW-DCK

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| AMERICAN AIRLINES GROUP, INC. | ) |
| and DOES 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Leave To Conduct Early Discovery" (Document No. 14) filed January 16, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>deny</u> the motion.

## BACKGROUND

Plaintiff Jane Doe ("Doe" or "Plaintiff"), by and through her parents Jane and John Roe and their counsel, filed a "Complaint" (Document No. 1) initiating this action on December 1, 2023. The Complaint asserts claims against American Airlines Group, Inc. ("American Airlines") and Does 1-10 ("Doe Defendants") (all together, "Defendants") for: (1) Invasion of Privacy; (2) Civil Liability for Criminal Act of Secretly Peeping; (3) Intentional Infliction of Emotional Distress; (4) Negligence; (5) Negligent Hiring, Supervision, or Retention; and (6) Negligent Infliction of Emotional Distress. (Document No. 1, pp. 12-23). The claims stem "from a currently-unidentified male American Airlines flight attendant surreptitious filming [of] Plaintiff while she

used an airplane toilet during a flight originating from Charlotte, North Carolina." (Document No. 14, p. 1).

On January 16, 2024, Plaintiff filed the pending "…Motion For Leave To Conduct Early Discovery" (Document No. 14). The pending motion has been fully briefed. See (Document Nos. 16 and 18).

American Airlines' "…Answer To Plaintiff's Complaint" (Document No. 15) was filed on January 30, 2024. The parties' Certificate Of Initial Attorney's Conference is due by February 26, 2024.

## DISCUSSION

"Plaintiff's Motion For Leave To Conduct Early Discovery" seeks leave to "conduct limited early discovery regarding the identity of Doe 1 and the other American Airlines' employees who were on the subject flight." (Document No. 14, p. 1). Plaintiff suggests that early discovery is necessary to identify the Doe Defendants so that they can be served with the Complaint within ninety (90) days as required by Fed.R.Civ.P. 4(m). (Document No 14, p. 2).

In response, Defendant American Airlines asserts that it has agreed to provide the identity of each of the crew members on the subject flight and to accept service for those that remained employed by American Airlines. (Document No. 16, p. 1). "Defendant contends that all other discovery in this case should proceed as the rules dictate." Id.

Plaintiff's "Reply…" contends that Defendant has yet to provide any of the requested information. (Document No. 18). Plaintiff argues that it would serve judicial economy if Plaintiff could immediately get all the information it now seeks about the Doe Defendants and then amend the Complaint. Id.

The undersigned will respectfully deny Plaintiff's requested relief. Simply put, the Court is not persuaded that Plaintiff's discovery requests are urgent. As Plaintiff acknowledges, typically, "Court-enforceable discovery does not commence until issues have joined and a Scheduling order has been entered." See (Document No. 14) (citing LCvR 16.1(f)). Of course, the parties may, and are encouraged to, "engage in consensual discovery at any time." Id.

As noted above, the parties are required to conduct an Initial Attorney's Conference and to file a Certificate of Initial Attorney's Conference, that includes a proposed discovery plan, by February 26, 2024. The Court expects the parties to proceed in good faith to meet these requirements, and to the extent possible, to promptly exchange the discovery requested by Plaintiff.

This motion will be denied without prejudice to Plaintiff seeking leave to file an Amended Complaint and/or to otherwise serve the Doe Defendants at a later date after initial discovery has been completed.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Leave To Conduct Early Discovery" (Document No. 14) is **DENIED**.

**SO ORDERED**.

Signed: February 7, 2024

David C. Keesler
United States Magistrate Judge